UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 19-12377-RGS

THE ESTATE OF PATRICK G. RUSSI,

v.

EAST SIDE ENTERPRISES, LLC

MEMORANDUM AND ORDER ON
DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

November 25, 2020

STEARNS, D.J.

Patrick G. Russi[1] brought this lawsuit against East Side Enterprises, LLC, alleging handicap- and age-based employment discrimination under Mass. Gen. Laws ch. 151B, § 4.  East Side moves for summary judgment pursuant to Fed. R. Civ. P. 56(c).  For the following reasons, the court allows the motion in part and denies it in part.

## BACKGROUND

The essential facts, viewed in the light most favorable to Russi as the non-moving party, are as follows.  East Side owns and operates a chain of gas stations and convenience stores in Rhode Island, Massachusetts, and New

---

[1] Because Russi passed away on April 6, 2020, the court substituted The Estate of Patrick G. Russi as plaintiff on August 11, 2020.

Hampshire. In August of 2018, East Side offered Russi a position as a Store Manager-in-Training for the company's South Dennis, Massachusetts, outlet. Russi was 66 years old at the time.

As part of its Manager-in-Training program, East Side required Russi to shadow Brian Tierney – the Store Manager of its Raynham, Massachusetts, store – to learn the duties of a Store Manager. The most important of these are referred to as "showtime" duties. They include tasks intended to maintain the appearance of the store, for example, sweeping the parking lot, cleaning the fuel pumps, cleaning the restrooms, ensuring that store product is presentably organized, and generally ensuring a store ambience pleasing to customers.

The parties dispute whether Russi adequately performed the showtime duties. *Compare* Def.'s Stmt. of Undisputed Facts (Def.'s SUMF) ¶¶ 39, 45-66, 75-78 (Dkt. # 17), *with* Pl.'s Suppl. Stmt. of Undisputed Facts (Pl.'s Suppl. SUMF) ¶¶ 16-18, 26 *and* Pl.'s Resp. to Def.'s SUMF ¶¶ 39, 44-46, 48-52, 54, 56-60, 63-64, 75-78 (Dkt. # 22). East Side, for example, offers testimony from several employees who observed Russi shirking the physical side of the job. It also provides contemporaneous emails from Tierney to David Orr, East Side's Operations Director, stating that he was "not convinced [Russi] will be able to handle the physical nature of this position" and opining that

Russi "lacks the drive to complete daily [showtime] tasks." Ex. D to Def.'s SUMF at 11, 14. Russi, however, counters with weekly performance evaluations from Tierney stating that he "me[t] requirements for performance" with respect to physical duties such as "[c]ompletes all orders and correctly manages inventory" or "[m]onitors, controls and tracks waste to acceptable levels" after completing the third week of the training program. *See* Ex. 9 to Pl.'s Suppl. SUMF; *see also* Ex. 5 to Pl.'s Suppl. SUMF ¶ 9 (admitting that, "[d]uring his training period, . . . Russi climbed ladders and washed gas pumps, clean[ed] windows, carried totes packed with food product, stocked the food product on store shelves and cleaned bathrooms"). The evaluations also indicate that, in every week except Russi's final week, Russi acceptably completed his showtime daily tasks "and maintain[ed] WTS standards." *See* Ex. 9 to Pl.'s Suppl. SUMF.

On September 28, 2018, Orr terminated Russi's employment with East Side, citing an alleged "[i]nability to do work." Ex. 4 to Pl.'s Suppl. SUMF at 27. According to Orr, Russi "was not able to fulfill the physical requirements of the position he was hired for." *Id.* East Side eventually replaced Russi with two younger applicants: 28-year-old Kellie Gillman and 43-year-old Greg Ahearns.

3

After administratively exhausting his claim by filing a charge of discrimination before the Massachusetts Commission Against Discrimination in January of 2019, Russi filed the instant action in state court on September 30, 2019. East Side removed the case to this court and, following the completion of discovery, moved for summary judgment on both claims.

## DISCUSSION

Summary judgment is appropriate when, based upon the pleadings, affidavits, and depositions, "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "To succeed, the moving party must show that there is an absence of evidence to support the nonmoving party's position." *Rogers v. Fair*, 902 F.2d 140, 143 (1st Cir. 1990). "'[T]he mere existence of a scintilla of evidence' is insufficient to defeat a properly supported motion for summary judgment." *Torres v. E.I. Dupont De Nemours & Co.*, 219 F.3d 13, 18 (1st Cir. 2000), quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986).

Russi asserts two claims of employment discrimination against East Side: (1) handicap discrimination in violation of Mass. Gen. Laws ch. 151B, § 4(16); and (2) age discrimination in violation of Mass. Gen. Laws ch. 151B,

4

§ 4(1B). The court assess the validity of both claims using the burden-shifting paradigm set forth in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973). *See Bulwer v. Mount Auburn Hosp.*, 473 Mass. 672, 681 (2016). Under this paradigm, a plaintiff bears the initial burden "to show . . . a prima facie case of discrimination." *Blare v. Husky Injection Molding Sys. Boston, Inc.*, 419 Mass. 437, 441 (1995). If the plaintiff makes the requisite showing, the burden shifts to the employer to "rebut the presumption created by the prima facie case by articulating a legitimate, nondiscriminatory reason for its [employment] decision." *Id.* If the defendant proffers a legitimate, nondiscriminatory reason for its action, "the burden of production shifts back to the plaintiff employee, requiring the employee to provide evidence that 'the employer's articulated justification [for the termination] is not true but a pretext.'" *Bulwer*, 473 Mass. at 681, quoting *Blare*, 419 Mass. at 443 (alteration in original).

### a. Handicap discrimination claim

East Side argues that it is entitled to judgment as a matter of law on Russi's handicap discrimination claim because Russi has not made a prima facie showing that he is "handicapped within the meaning of the statute." *See Dartt v. Browning-Ferris Indus., Inc.*, 427 Mass. 1, 3 (1998). The court agrees.

5

Under Chapter 151B, an individual qualifies as handicapped if he (1) has "a physical or mental impairment which substantially limits one or more major life activities of a person"; (2) has a record of "such impairment"; or (3) is "regarded as having such impairment." Mass. Gen. Laws ch. 151B, § 1(17). Russi asserts only the last definition, namely, that East Side regarded him as having a physical or mental impairment that substantially limits a major life activity. *See* Pl.'s Opp'n at 16-18 (Dkt # 21). He identifies several "physical malformations" that East Side allegedly viewed as physical impairments, including an amputated finger, a limp, and swelling in his hands. *Id.* at 16. But he has not submitted any medical records to substantiate the allegation that he had these "malformations." Nor has he offered any evidence that East Side otherwise *perceived* him to have these conditions (let alone that, even if East Side did perceive Russi to have these conditions, it would have reasonably considered any of them to be impairments).

Even assuming Russi had established that East Side regarded him as physically impaired, he has still failed to make a prima facie showing that he is handicapped within the meaning of Chapter 151B. Chapter 151B distinguishes between "persons who have a physical or mental impairment" and persons "whose impairment 'substantially limits' a 'major life' activity"

6

and only affords protection to those falling within the latter category. *See Ocean Spray Cranberries, Inc. v. Massachusetts Comm'n Against Discrimination*, 441 Mass. 632, 637 (2004), quoting *Dahill v. Police Dep't of Boston*, 434 Mass. 233, 237 (2001). Russi, however, has not offered any evidence that East Side viewed him as substantially limited in the ability to perform a major life activity. Although, as Russi notes, East Side referenced "[i]nability to do work" as the reason for terminating him, it further stated in the same document that Russi "was not able to fulfill the physical requirements *of the position he was hired for*" – i.e., Store Manager of the high-volume South Dennis location. *See* Ex. 4 to Pl.'s Suppl. SUMF at 27 (emphasis added). It did not imply that Russi was categorically unable to fulfill the physical requirements of a Store Manager at *any* gas station or convenience store.[2] And because an impairment only substantially limits an individual's ability to work "if it prevents or significantly restricts the individual from performing *a class of jobs* or a *broad range of jobs* in various

---

[2] A review of other documents in the record confirms that East Side's assessment was limited to the position of Store Manager of the South Dennis location. Tierney, for example, at one point recommended that East Side move Russi "to a slower store." Ex. D to Def.'s SUMF at 14. And Orr testified that Russi did not have a "skill set issue," but instead "was not going to do the job that we had hoped and expected him to do" because he appeared to want an office job rather than a physical job. Ex. B to Def.'s SUMF at 9; *see also id.* at 6, 8, 15.

classes," *see Ocean Spray*, 441 Mass. at 639, quoting Massachusetts Commission Against Discrimination Guidelines: Employment Discrimination on the Basis of Handicap Chapter 151B, § II.A.6 (1998) (emphasis added), the absence of any suggestion that East Side viewed Russi as so limited is fatal to his handicap discrimination claim. The court accordingly enters summary judgment against Russi on this count.

### b. Age discrimination claim

East Side also moves for summary judgment on Russi's age discrimination claim, contending that Russi has not produced sufficient evidence for a reasonable juror to find that "he . . . performed his . . . job at an acceptable level." *See Massasoit Indus. Corp. v. Massachusetts Comm'n Against Discrimination*, 91 Mass. App. Ct. 208, 210 (2017), quoting *Bulwer*, 473 Mass. at 681 (alterations in original). On this issue, the court disagrees. Russi has submitted performance reviews from Tierney indicating that he had "me[t] requirements" to perform many of the tasks required of a Store Manager, for example, maintaining inventory and tracking waste or completing daily showtime tasks, by the third week of his training program. Ex. 9 to Pl.'s Suppl. SUMF. He also offers evidence that East Side found the same overall ratings to be acceptable in other (younger[3]) employees. Pl.'s

---

[3] The court rejects East Side's suggestion that any individual older than

8

Suppl. SUMF ¶¶ 19-25; *see also* Exs. 11-14 to Pl.'s Suppl. SUMF.  A reasonable juror, crediting this evidence, could find that Russi performed the Store Manager job to a reasonably acceptable level.

East Side argues that it terminated Russi because he was unable and unwilling to perform certain physical tasks required of a Store Manager.  It offers enough evidence in support of this assertion for a reasonable juror to conclude that East Side had a legitimate, non-discriminatory reason for Russi's termination.  Numerous contemporaneous emails from Tierney to Orr, for example, report that Russi often avoided performing the physical aspects of his job.  And several East Side employees testified to the same reluctance on Russi's part during their depositions.

Under the *McDonnell* paradigm, the burden of production would ordinarily shift back to the plaintiff to provide evidence "that 'the employer's articulated justification [for the termination] is not true but a pretext.'"  *See Bulwer*, 473 Mass. at 681, quoting *Blare*, 419 Mass. at 443 (alteration in original).  The evidence of pretext in this case, however, is the same as the

---

age 40 cannot be considered a "younger" employee for the purposes of Russi's age discrimination claim.  Russi sues under state law, and Massachusetts courts have accepted evidence of an employer's treatment of individuals over the statutory age of 40 who are younger than the plaintiff in age discrimination cases.  *See, e.g., Massasoit Indus. Corp.*, 91 Mass. App. Ct. at 211 (finding that a 74-year-old plaintiff had established a prima facie case of age discrimination where he was replaced by a 68-year-old woman).

evidence establishing Russi's prima facie case. The portions of the record suggesting that Russi performed his job to an acceptable level, after all, also serve to discredit the genuineness of East Side's explanation for Russi's termination.[4] Any determination as to pretext thus will center on the adequacy of Russi's work performance. And because there is sufficient evidence for the jury to find in favor of either party on this issue, the record contains at least one genuine dispute of material fact. The court accordingly declines to enter summary judgment on plaintiff's age discrimination claim.

## ORDER

For the foregoing reasons, the motion for summary judgment is ALLOWED in part and DENIED in part. The court enters judgment against Russi on his disability discrimination claim. Russi's age discrimination claim, however, survives this motion, and the clerk will schedule it for trial.

---

[4] Because "Massachusetts is a pretext only jurisdiction," *Bulwer*, 473 Mass. at 681, quoting *Blare*, 419 Mass. at 443, Russi need not show at this stage that East Side's explanation specifically concealed discriminatory animus. He "need only present evidence from which a reasonable jury could infer that 'the respondent's facially proper reasons given for its action against him were not the real reasons for that action.'" *Id.* at 682, quoting *Wheelock College v. Massachusetts Comm'n Against Discrimination*, 371 Mass. 130, 139 (1976). The court notes, however, that the alleged disparate treatment of younger individuals likely would suffice to support a reasonable inference of discriminatory animus even if something more than a mere showing of pretext were required.

SO ORDERED.

<u>Richard G. Stearns</u>
UNITED STATES DISTRICT JUDGE